# Third District Court of Appeal
## State of Florida

Opinion filed January 27, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0824
Lower Tribunal No. 20-8206
_____

**Edgardo Pineda Hernandez,**
Appellant,

vs.

**Claudia Elena Camacho,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Carlos Guzman, Judge.

Boyd Richards Parker & Colonnelli, P.L., and Dolly Hernandez, and Katherine A. Coba, for appellant.

Carey Rodriguez Milian Gonya, LLP, and Jennifer M. Hernandez, and David P. Milian, for appellee.

Before EMAS, C.J., and LINDSEY, and LOBREE, JJ.

PER CURIAM.

Affirmed.  <u>See</u> <u>Cardenas v. Solis</u>, 570 So. 2d 996, 999 (Fla. 3d DCA 1990) (holding international comity favors enforcing foreign, ex parte temporary injunctions and affirming the trial court's order enforcing a Guatemalan injunction because "(1) the suit in Guatemala is a domestic relations suit in which the plaintiff seeks, in effect, support from her husband in the form of one half of the parties' marital property; (2) the defendant husband ought not to be able to escape his financial obligations to his wife in Guatemala by secreting the parties' marital assets in Miami banks; and (3) the Guatemalan temporary injunction may be enforced with ease in Florida pending final resolution of the domestic relations suit in Guatemala"); <u>Cermesoni v. Maneiro</u>, 144 So. 3d 627, 629 (Fla. 3d DCA 2014) ("A foreign decree is entitled to comity, where the parties have been given notice and the opportunity to be heard, where the foreign court had original jurisdiction, and where the foreign decree does not offend the public policy of the State of Florida." (quoting <u>Intrinsic Values Corp. v. Superintendencia de Administracion Tributaria</u>, 806 So. 2d 616, 619 (Fla. 3d DCA 2002) (internal quotation marks omitted))).